UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PROJECT DOD, INC., a Maine corporation with a registered office in Portland, Cumberland County, State of Maine, <br><br> Plaintiff <br><br> v. <br><br> RONALD S. FEDERICI, of McLean, County of Fairfax, State of Virginia, together with others acting in concert with him, <br><br> and <br><br> NEUROPSYCHOLOGICAL AND FAMILY THERAPY ASSOCIATES, a professional corporation formed under the laws of the Commonwealth of Virginia, with an office in McLean, County of Fairfax, Commonwealth of Virginia, <br><br> Defendants | Civil Action No.: <br> JURY TRIAL REQUESTED |

**COMPLAINT**
(Injunctive Relief Requested)

**INTRODUCTION**

1. This is a civil action seeking declarative and injunctive relief and damages for misrepresentation of copyright claims under 17 U.S.C. § 512(f) of the Digital Millennium Copyright Act ("DMCA").

2. The case arises out of baseless legal threats of copyright infringement made by the Defendants against Plaintiff. The threats resulted in the removal of material on the websites (www.advocatesforchildrenintherapy.org. and childrenintherapy.org.) of Advocates For Children In Therapy ("ACT") hosted by Plaintiff that are critical of the services provided by Defendants and

1

others. ACT is an educational and public advocacy organization dedicated to halting cruelty done to children by "attachment therapy", it's associated "therapeutic parenting practices" and other interventions for "reactive attachment disorder" and other so-called "attachment "problems".

## PARTIES

3.     PLAINTIFF PROJECT DOD, INC. ("DOD") is a collective, nonprofit corporation formed under the laws of the State of Maine, to provide hosting as an Internet Service Provider to members of the public seeking to disseminate information who have difficulty gaining access to the Internet through traditional corporate hosting services.

4.     DEFENDANT RONALD S. FEDERICI ("Federici") is an individual residing in McLean, Virginia who provides evaluation and treatment services of the kind of which ACT is critical for children having developmental and psychiatric disorders, including attachment related disorders.

5.     DEFENDANT NEUROPSYCHOLOGICAL AND FAMILY THERAPY ASSOCIATES is a professional corporation formed under the laws of the Commonwealth of Virginia to provide the services of the kind offered by Defendant Federici, who serves as president and clinical director of the entity.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this claim pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq., 28 U.S.C. § 1331 and §1338, and the Declaratory Judgment Act, 28 U.S.C. § 2291.

7.     Venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. On or about August 30, 2008, Federici purported to give notice to DOD pursuant to 17 U.S.C.§ 512(c)(3) of the DMCA claiming that material on the website of ACT hosted by DOD critical of Federici infringed on the Defendants' copyrights and demanded that DOD take down the offending material.

9. On September 1, 2008, DOD disabled the ACT websites complained about even though the notice did not comply with 17 U.S.C. § Section 512(c)(3)(A) of the DMCA.

10. On or about September 2, 2008, DOD informed Federici that his takedown notice did not comply with the notification requirements of 17 U.S.C. § Section 512(c)(3)(A) of the DMCA, including the requirement that the complainant identify the allegedly infringing material with sufficient specificity to allow the service provider to locate the material, and that the ACT websites would be reinstated pending compliance by Federici with the DMCA.

11. On the same date, September 2, 2008, Federici responded to DOD with a more complete DMCA takedown notice for the website of ACT, www.advocates forchildrenintherapy.org. and www.childrenintherapy.org.

12. Again on the same date, September 2, 2008, DOD disabled portions of the websites of ACT complained about and forwarded the takedown notice to ACT.

13. ACT responded on September 5, 2008, with a counter notification in accordance with Section 512(g)(3) of the DMCA, a copy of which is attached hereto as *Exhibit A*, and a demand that DOD replace the removed material and cease disabling access to it.

14. On the same day the counter notification of ACT was received, DOD forwarded it to Federici with notification that the material taken down would be replaced unless Federici gave

3

notice to DOD within 10 days that he had filed an action seeking a court order to restrain the user (ACT) from engaging in the allegedly infringing activity related to the material on the service provider's network, all in accordance with the safe harbor rules of 17 U.S.C.§ 512(g)(2)(C) of the DMCA.

15. After Federici failed to bring such an action, DOD restored the allegedly infringing material on the websites of ACT as provided for by 17 U.S.C. §512(g) of the DMCA.

16. Instead of following the protocols set forth in Section 512 of the DMCA required in order for DOD to continue to disable ACT's website or take other action if appropriate, Defendants and others associated with them engaged in a course of harassing communications with DOD, demanding that DOD cease hosting the websites of ACT and threatening to hold DOD liable for its hosting of ACT's websites, all of which was designed to intimidate DOD from engaging in its mission of hosting websites for those seeking a public forum such as ACT's website critical of Federici's services.

17. Upon information and belief, Federici's course of harassment included concerted action with other individuals, including Gregory Keck, Arthur Becker-Weidman, Nancy Thomas, Daniel Hughes, David Zeigler and Neil Feinberg, who provide attachment therapy services criticized by ACT on its websites, to issue takedown notices to DOD. For example, on September 10, 2008, Federici wrote to DOD stating that "… we have 6 other Doctors who are in the process of contacting you with the EXACT SAME DMCA Complaints" and on September 11, 2008, Federici wrote DOD stating that, "We have retained the law firm of Clark and Allen … to represent us as a "**group of 6** ….."

18. Keck, Thomas, Hughes Zeigler and Feinberg sent DOD takedown notices similar

4

to that filed by Federici and DOD complied until ACT filed counter notifications which were sent to these individuals, who did not thereafter file an action under the DMCA.

19.    DOD has provided repeated notices to Federici reminding him of the safe harbor rules in Section 512 of the DMCA and explaining that the material complained about by Federici is a clear non-infringing fair use under Section 107 of the Copyright Act, 17 U.S.C.A. §101, et seq. because the material from the works of Federici were used solely for purposes of commentary about the type of services offered by Federici of which ACT is critical..

20.    Notwithstanding the foregoing, Federici has continued his threats and harassment, including a letter from his attorney dated May 6, 2009, a copy of which is attached as *Exhibit B*, threatening to bring suit against DOD over the hosting of the websites of ACT.

## COUNT I
## ( 17 U.S.C. 512(F) MISREPRESENTATION)

21.    DOD repeats and incorporates herein by reference the allegations in paragraphs 1-20 of this Complaint.

22.    Upon information and belief, neither ACT nor DOD infringed any copyright owned by Defendants.

23.    Upon information and belief, Defendants knew or would have known if they acted with reasonable care or diligence that neither ACT nor DOD did not infringe any of their copyrights by hosting the websites about which Defendants complained.  Upon information and belief, Defendants did not act with reasonable care or diligence before sending their DMCA complaint to DOD.

24.    Defendants would have had no substantial doubt, had they been acting in good

5

faith, that DOD's hosting of ACT's websites did not infringe any of their copyrights on the dates they sent their DMCA complaints to DOD by reason of the protection of these websites from claims of infringement under the fair use doctrine in 17 U.S.C. §107.  Upon information and belief, Defendants were not acting in good faith while sending their DMCA complaints to DOD.

25. Accordingly, Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting under DMCA § 512 that DOD's hosting of ACT's websites infringed their copyrights.

26. As a direct and proximate result of Defendants' actions, DOD has suffered substantial and irreparable injury.  Such injury includes, but is not limited to, the disruptions and expenses associated with responding to Defendants' complaints.

## COUNT II
### (DECLARATORY RELIEF OF NON-INFRINGEMENT)

27. DOD repeats and incorporates herein by reference the allegations in paragraphs 1-26 of this Complaint.

28. There is a real and actual controversy between DOD and Defendants regarding whether the websites of ACT hosted by DOD infringe any copyright lawfully owned by Defendants.

29. DOD contends that, consistent with the Copyright Act of the United States of America, including those laws prohibiting direct, contributory or vicarious infringement, laws protecting fair use and the First Amendment to the United States Constitution, and judicial decisions construing such laws, doctrines, and provisions, hosting of the websites of ACT was and is lawful.

30. Wherefore, DOD requests that the Court determine and adjudge that each and

every one of the above-stated propositions states the law applicable to the facts involved in this action.

## ENTITLEMENT TO EQUITABLE RELIEF

31.  Plaintiff has been irreparably harmed and for many of the wrongs it has suffered and will continue to suffer, it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

A. A declaratory judgment that DOD's hosting of the websites of ACT in relation to Defendant Federici in the past does not and the hosting of such websites with the same or similar content in the future will not infringe any copyright owned by Defendants by reason of the fair use doctrine;

B. Injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privy with them, from bringing any lawsuit or threat against Plaintiff for copyright infringement in connection with DOD's hosting of ACT's websites;

C. Damages according to proof;

D. Attorneys fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, on a Private Attorney General basis, or otherwise as allowed by law;

E. Plaintiff's costs and disbursements; and

F. Such other and further relief as the Court shall find just and proper.

Plaintiff hereby requests a jury trial for all issues triable by jury.

Dated: May 28, 2009

                                        Respectfully submitted.

/s/ Rufus E. Brown
_____
Rufus E. Brown, Esq.
BROWN & BURKE
85 Exchange Street - P.O. Box 7530

Portland, ME 04112-7530
(207) 775-0265
*rbrown@brownburkelaw.com*


/s/ Robert E. Mittel

_____

Robert E. Mittel, Esq.
MITTELASEN
85 Exchange Street 4th Fl
P.O. Box 427
(207) 775-3101
Portland, ME 04112
*rmittel@mittelasen.com*

Tiffany Rad, Esq.
110 Marginal Way, No. 103
Portland, ME 04101
(207) 318-9455
*tiffany@elcnetworks.com*

*Attorneys for Plaintiff*
*Project DOD*