SCANNED

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PROJECT DOD, INC., | ) |
|     PLAINTIFF | ) |
| v. | )   CIVIL NO. 09-213-P-H |
| RONALD S. FEDERCI, | ) |
|     DEFENDANT | ) |

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Upon *de novo* review, I **AFFIRM** the Magistrate Judge's Recommended Decision and dismiss for lack of personal jurisdiction this complaint under the Digital Millennium Copyright Act. I do note Count III's claim that the defendant filed his takedown notices in bad faith, that he made knowing material misrepresentations in them, and that he harassed the plaintiff both by his own takedown notices and by recruiting others to file takedown notices. First Amended Compl. ¶¶ 40-44 (Docket Item 6). I assume for purposes of this decision that the Amended Complaint adequately states a claim for misrepresentation under 17 U.S.C. § 512(f). I also note that § 512(f) gives a service provider a cause of action for damages that it suffers caused by a misrepresentation about infringement, the assertion here. Nevertheless, the defendant's contacts with Maine, even with the malicious motives attributed to him by the plaintiff, do not constitute purposeful availment of the privilege of conducting activities here in Maine, Accessories Ltd. of Maine, Inc. v.

Longchamp U.S.A., 170 F. Supp. 2d 12, 15 (D. Me. 2001) (citing IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254 (3d Cir. 1998), and the defendant has met his burden to make a compelling case that the Gestalt factors (those enunciated in Pritzker) make jurisdiction in Maine unreasonable. See Pritzker v. Yari, 42 F.3d 53, 63-64 (1st Cir. 1994). Although the plaintiff was originally incorporated in Maine, its current presence (as the plaintiff's counsel conceded at oral argument) is only through a banking relationship and a mail drop. It has no employees here, its equipment is not here but in California, the person who incorporated it and who signed the affidavit about its activities is no longer here but in California, and he receives postal mail and email there, including mail related to this dispute.[1] He is the Registered Agent in Maine with an address here (it is on that account that takedown notices and letters went to Maine), Mooney Decl. ¶¶ 4-5, but there is no corporate employee at that address. At the end of the day, this is a dispute among an individual defendant in Virginia (the copyright holder and alleged harasser), an alleged corporate infringer in Colorado, and a corporate internet service provider (the plaintiff), which is primarily in California, except for the Maine mail address, a banking relationship in Maine, and an original incorporation here. There is a

---

[1] The original incorporator was Christopher Mooney who, when he incorporated the plaintiff in 2003, was a Maine resident. Decl. of Christopher Mooney ¶ 1 (Ex. A to Pl.'s Opp'n to Def.'s Mot. to Dismiss (Docket Item 15)) (Docket Item 15-1). He was and remains the Registered Agent and is the Treasurer and a Director of the plaintiff. Id. ¶¶ 4-7. The corporate address, the Treasurer's address, and the Registered Agent's address are all the same and are in Portland Maine, id. ¶¶ 5-6, 8, but at oral argument I learned that there is no plaintiff's employee at that address. The 2009 e-mail Mr. Mooney attaches to his affidavit shows him as being at Project DoD (the plaintiff), at an address in San Jose California. Id. (attach.). The record also contains a 2008 letter to him at the California address from the alleged infringer, contesting the original takedown. Letter, dated Sept. 5, 2008 (Ex. A to Compl. (Docket Item 1)) (Docket Item 1-1).

burden on the defendant appearing here from Virginia; Maine has only a minimal interest in adjudicating this dispute; it is hard to see how a Maine forum advances the plaintiff's interest in obtaining convenient and effective relief given where the plaintiff conducts its business; and the judicial system and the common interests of all sovereigns counsel resolution of the dispute in one or more of the other related jurisdictions.

The defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED**.

**SO ORDERED.**

DATED THIS 11th DAY OF FEBRUARY, 2010

/s/ D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CIVIL DOCKET NO. 2:09CV213 (DBH)**

| | | |
|---|---|---|
| **PROJECT DOD, INC.,**<br><br>**Plaintiff** | Represented By | **Robert E. Mittel**<br>Mittel Asen LLC<br>P. O. Box 427<br>Portland, ME 04112<br>(207) 775-3101<br>email: rmittel@mittelasen.com<br><br>**Rufus E. Brown**<br>Brown & Burke<br>P.O. Box 7530<br>Portland, ME 04101<br>(207) 775-0265<br>email: rbrown@brownburkelaw.com |
| **v.** | | |
| **Ronald S. Federici,**<br><br>**Defendant** | Represented By | **David Charles Masselli**<br>Law Office Of David Charles Masselli<br>4113 Lee Highway<br>Arlington, VA 22207-3156<br>(703) 741-0402<br>email: dm@mllaw.com<br><br>**Stephen C. Whiting**<br>The Whiting Law Firm<br>75 Pearl Street, Suite 207<br>Portland, ME 04101<br>(207) 780-0681<br>email: mail@whitinglawfirm.com |